Filed 10/17/24  P. v. Vallejo CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>SALOMON FRANK VALLEJO, JR.,<br><br>    Defendant and Appellant. | E083186<br><br>(Super.Ct.No. RIF103887)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  Helios Hernandez, Judge. (Retired judge of the Riverside Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Salomon Frank Vallejo, Jr., in pro. per.; and Robert L. Hernandez, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Salomon Frank Vallejo, Jr., appeals from an order of the Riverside County Superior Court denying his Penal Code section 1172.6 petition for resentencing.[1]

## BACKGROUND[2]

In September 2023, after joint trial, a jury convicted defendant and his two codefendants, Mario Israel Sanchez and Francisco Javier Vallejo (defendant's brother) of two counts of attempted murder (§§ 187, 664, counts 1 & 2) and discharging a firearm from a motor vehicle (former § 12034, subd. (c), count 3).

The jury also found true several other allegations, including (i) that, in connection with the two counts of attempted murder, a principal personally and intentionally discharged a firearm (§ 12022.53, subds. (c) & (e)(1)); (ii) that the defendants acted willfully, deliberately, and with premeditation (§ 664, subd. (a)); and (iii) that the defendants acted in concert because of the victims' actual or perceived race (a "hate crime"). (§ 422.75, subd. (c).)

As to count one, the trial court sentenced defendant to life with the possibility of parole, plus a consecutive term of 25 years to life for the enhancement of causing great

---

[1] Defendant's petition was made pursuant to section 1170.95 petition. That section was later renumbered as section 1172.6 with no change in text (Stats. 2022, ch. 58, § 10) and we refer to the provision using the new number. All further statutory references are to the Penal Code.

[2] We have taken judicial notice on our own motion of the record in defendant's appeal from the judgment (*P. v. Vallejo et al.* (June 13, E034555) [nonpub. opn.] (*Vallejo I*)) and of our opinion in his appeal from the first denial of his 1172.6 petition (*P. v. Vallejo et al.* (Mar. 4, 2022, E074099) [nonpub. opn.] (*Vallejo II*).)

bodily injury by personally discharging a gun, and a consecutive term of four years (the upper term) for the hate crime. A 20-year term for discharge of a firearm by a principal was stayed under section 654.

As to count 2, defendant received a consecutive life term, a consecutive 20-year term for the principal's discharge of a firearm, and a consecutive one-year term for the hate crime enhancement. The court imposed but stayed unspecified terms for count 3 and all the gang enhancements.

Defendant appealed. (*Vallejo I*, *supra*, E034555.) We ordered correction of his abstract the judgment and otherwise affirmed the judgment against him. (*Ibid.*)

In 2019, following the enactment of section 1172.6, defendant filed a petition for resentencing. The trial court dismissed the petition, and we affirmed, because the statute did not at the time apply to convictions for attempted murder. Defendant's petition for review was granted and held by the California Supreme Court. While review was pending, the Legislature passed Senate Bill No. 775, amending section 1172.6 to make it applicable to persons convicted of attempted murder and manslaughter. The Supreme Court transferred defendant's case back to this court, we vacated our opinion and reversed the trial court's order, and remanded with instructions to conduct a new hearing on defendant's petition. (*Vallejo II*, *supra*, E074099.)

In January 2024, the trial court held a prima facie hearing on defendant's 1172.6 petition. Counsel for the People represented that the instructions given to the jury related only to a theory of aiding and abetting, and did not include instructions on felony murder, natural and probable consequences, or any other theory by which malice could be

3

imputed to the defendant on account of another's actions. Defendant's counsel submitted the matter, commenting only that he had reviewed all of the jury instructions, and that the People's representation was accurate. The trial court indicated it had taken a "quickie look" at the instructions, that it agreed with the People, and denied defendant's petition.

Defendant timely noticed this appeal and we appointed appellate counsel to represent him.

## DISCUSSION

On appeal, defendant's appointed appellate counsel filed an opening brief that sets forth statements of the case and facts, but does not present any issues for adjudication. Counsel requests we exercise our discretion under *People v. Delgadillo* (2022) 14 Cal.5th 216, 232 to conduct an independent review of the record. He notes he considered the issue whether the trial court erred when it denied defendant's petition at the prima facie stage.

Upon receipt of the opening brief, we notified defendant that (i) his counsel had filed a brief stating no arguable issues could be found, and (ii) this court is not required to conduct an independent review of the record but may do so in its discretion. We also invited defendant to file any supplemental brief deemed necessary.

In response to our invitation, defendant submitted a handwritten supplemental brief, which he subsequently amended. In his amended brief, he argues he did not have the requisite mens rea to be convicted on a theory of aiding and abetting. Along the way, he claims that the jury instruction set forth in CALJIC No. 3.01 does not accurately set forth the law of aiding and abetting, that he was not at the scene, and a jury would not

4

hold him liable now as evidenced by the jurors at his trial not being in agreement until the judge advised them.

Those issues were addressed in our opinion in defendant's appeal from the judgment, which has long since become final.

### DISPOSITION

The order denying defendant's section 1172.6 petition is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
                                                                                                        P. J.


We concur:

McKINSTER
                              J.
CODRINGTON
                              J.


5